IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | No. CR-97-237-PHX-ROS |
| ) | CV-03-1057-PHX-ROS (LOA) |
| Plaintiff/Respondent, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| Larry Ray Eames, ) | |
| ) | |
| Defendant/Movant. ) | |
| ) | |

Pending before the Court is a Report and Recommendation issued by Magistrate Judge Lawrence O. Anderson recommending that Defendant/Movant Larry Ray Eames' ("Eames") Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 be granted in part and denied in part. Also pending is a request by Eames that the Court enforce a prior order directing the government to return certain items of property. For the following reasons, the Report and Recommendation will be adopted and the request to enforce a prior court order will be denied in part.

**I. Standard of Review of Report and Recommendation**

After a Magistrate Judge submits a Report and Recommendation, the parties have ten days in which to file any objections. 28 U.S.C. § 636(b)(1). The Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. After evaluating the Magistrate Judge's

Report and Recommendation, as well as the objections filed by either party, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

**II. Factual Findings**

Eames claims that "[t]he factual background in the Magistrate Judge's Report and Recommendation is fiction that was created by the prosecutor." (Doc. 1333 p.2) Eames "denies all of the Magistrate's Factual Allegations," but does not provide any *specific* objections to the Magistrate Judge's findings of fact. As stated in the relevant statute, objections to a Magistrate Judge's Report and Recommendation must be to "*portions* of the report or *specified* proposed findings or recommendations." Id. (emphasis added). In the Report and Recommendation, Eames was given notice that he could file "*specific* written objections with the Court." (Doc. 1331 p. 48) (emphasis added). Eames' general objection to all of the magistrate's findings of facts is insufficient to trigger review of those findings. See Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court."). Despite the lack of proper objections, the Court has reviewed the factual findings and determines they are correct. Accordingly, the Court adopts the Magistrate Judge's findings of fact.

**III. Legal Analysis**

Eames objected to the majority of the Magistrate Judge's legal conclusions regarding ineffective assistance of counsel. Each claim will be evaluated separately. Also, Eames agrees with the Magistrate Judge that he is entitled to some additional process in light of Apprendi v. New Jersey, 530 U.S. 466 (2000) and the associated cases. While the Court believes that Eames is not entitled to additional process, the Court will conduct that process in an abundance of caution.

**A. Ineffective Assistance of Counsel Claims**

To establish a valid claim for ineffective assistance of counsel, Eames must establish that his "counsel's representation fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Hill v. Lockhart, 474 U.S. 52, 57 (1985) (quoting Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984)). A court "need not evaluate both prongs of [this] test if the defendant fails to establish one." Thomas v. Borg, 159 F.3d 1147, 1152 (9th Cir. 1998). Thus, "[i]f either prong is not met, [the court] must dismiss the claim." United States v. Sanchez-Cervantes, 282 F.3d 664, 672 (9th Cir. 2002).

### 1. Failure to Challenge Venue

As stated by the Ninth Circuit in its opinion affirming Eames' convictions, "it was apparent from the indictment that venue was not proper in Arizona as to certain [wire-fraud] counts, and Defendants waived their objection to venue by failing to raise the challenge before the close of the government's case." United States v. Johnson, 297 F.3d 845, 861 (9th Cir. 2002). Based on this statement, Eames believes his counsel's failure to object to venue prior to the close of the government's case constituted ineffective assistance of counsel. The Magistrate Judge was correct, however, that Eames has not proven how counsel's failure to timely challenge venue changed the outcome of his trial. Not including the counts that could have been dismissed based on improper venue, Eames was convicted of thirty-three counts. Eames was sentenced based on only two of those counts, counts 38 and 47 (money-laundering offenses). The wire-fraud counts that could have been dismissed would not have negated his criminal liability for the money laundering charges. Eames has not proven that he suffered prejudice as a result of his counsel's failure to challenge venue.

### 2. Witness Testimony

Eames claims that his counsel's failure to appeal "the trial court's denial of motions for mistrial and motions to strike based on the perjured testimony of three cooperating government witnesses" constituted ineffective assistance of counsel. (Doc. 1310 p.5) To

succeed on this claim, Eames must prove that his counsel's actions "fell below an objective standard of reasonableness . . . and that there is a reasonable probability that, but for counsel's unprofessional errors, [he] would have prevailed on appeal." Miller v. Keeney, 82 F.2d 1428, 1434 (9th Cir. 1989) (citation omitted). The Magistrate Judge correctly concluded that counsel's performance on these issues did not constitute ineffective assistance of counsel.

The first witness that Eames believes should have been raised on appeal was Teresa Eames. There is no dispute that Ms. Eames lied on the witness stand. Upon learning of these lies, the prosecutors immediately informed the Court and Ms. Eames was cross-examined regarding her statements. Her credibility was then for the jury to decide. The Court agrees with the Magistrate Judge that in light of all the facts surrounding Ms. Eames testimony, "it was not unreasonable for counsel not to challenge the trial court's ruling" on appeal. (Doc. 1331 p.15)

The second witness Eames believes should have been raised on appeal was Ricardo Simone. Mr. Simone's testimony was effectively challenged on cross-examination and there is no evidence that he committed perjury during trial. Thus, it was not unreasonable not to raise Mr. Simone's testimony on appeal.

The third witness was Rebecca Setzer. There is no evidence in the record that the prosecution told Ms. Setzer to withhold exculpatory evidence. Thus, counsel's decisions on appeal regarding Ms. Setzer did not fall below an objective standard of reasonableness.

### 3. Prosecutorial Misconduct

Eames claims his counsel was aware of "monumental prosecutorial misconduct" but failed to challenge it on appeal. (Doc. 1310 p. 5) Eames' only support for this claim is a letter from his counsel stating that counsel was aware of five instances of prosecutorial misconduct. Eames presented no specific evidence regarding the alleged instances of misconduct and conclusory allegations are insufficient. Jones v. Gomez, 66 F.3d 199, 205 (9th Cir. 1995).

### 4. Failure to Review Evidence

Eames claims that his counsel failed to adequately review all of the evidence in his case. Eames does not provide specific information regarding what exculpatory evidence his counsel overlooked in the boxes; rather, Eames provides very broad statements such as the evidence "would have neutralized the government's allegations." (Doc. 1333 p.10) The Magistrate Judge correctly concluded that such conclusory allegations are insufficient. Id. There is also adequate evidence in the record that Eames counsel, or an associated paralegal, *did* review much of the evidence. Finally, some of the evidence which counsel allegedly lost would have had no impact because very similar evidence was presented at trial. Eames has failed to show that the result of the proceeding would have been different if counsel had spent more time reviewing evidence or had presented the evidence Eames claims was lost.

### 5. Advice of Counsel Defense

Eames believes that his counsel should have called certain lawyers and investigators to establish an "advice of counsel" defense. The evidence produced at trial showed that the lawyers and investigators Eames would have called were only given limited access to American Eagle's operation; the lawyers and investigators "were kept in the dark about the true nature of the Atlanta operations." (Doc. 1331 p. 23) Also, Eames was apparently informed regarding the risks of the defense and chose not to pursue it. (Id.) Thus, it was reasonable for counsel not to pursue such a defense.

### 6. Witnesses from Charitable Organizations and Martha Biggs

Eames believes counsel should have called representatives from certain charitable organizations to establish that sizeable donations were made by American Eagle. Evidence of such contributions was presented at trial, including evidence that one charity that received donations was fraudulent. Eames has failed to establish he suffered prejudice as a result of counsel's decision. Eames has also failed to establish that he suffered any prejudice

regarding the alleged failure to adequately impeach Martha Biggs. The record reflects more than adequate cross-examination of Ms. Biggs.

### 7. Relationship with Counsel

According to Eames, there was a complete breakdown of the attorney-client relationship such that he was denied effective assistance of counsel. Eames stated in open court at his sentencing that he was satisfied with his attorney but he now claims that those statements were "said in a very, very sarcastic tone." (Doc. 1333 p. 9) This is not credible and Eames has not presented adequate evidence of a complete breakdown in his relationship with counsel.

### 8. Consecutive Sentences

Eames claims his counsel was ineffective because he failed to challenge the imposition of consecutive sentences. This argument has no merit. The presentencing report specifically stated that the recommended sentences total between 324 and 405 months. Also, Eames requested prior to the sentencing that all sentences be imposed to run concurrently rather than consecutively. (See Addendum to Presentence Report p.28) Eames was clearly on notice regarding the possibility of consecutive sentences and counsel was not ineffective regarding this issue.

### 9. Grouping

Eames claims that counsel was ineffective based on his failure to adequately argue that his sentences for fraud and money laundering should have been grouped. Eames admits, however, that at the time he was sentenced, grouping was not appropriate. See United States v. Taylor, 984 F.2d 298 (9th Cir. 1993). After Eames was sentenced, the sentencing commission issued additional guidance regarding the grouping of fraud and money laundering counts. But counsel's failure to anticipate this change in the law and raise the grouping issue on appeal does not fall below "an objective standard of reasonableness." Hill

v. Lockhart, 474 U.S. 52, 57 (1985) (quoting Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984)).  Eames is not entitled to relief on this issue.

### 10.  Disparity

Eames believes his counsel should have challenged the disparity between the sentence he received compared to the sentence received by a co-defendant.  The Magistrate Judge correctly concluded that "a district court judge is not required to explain the basis for disparate sentences, within statutory limits, imposed upon similar codefendants."  United States v. Endicott, 803 F.2d 506, 510 (9th Cir. 1986).  Eames' counsel was not ineffective for failing to raise this issue.

None of the preceding issues satisfy both prongs of the ineffective assistance of counsel test.  Eames has failed to establish his counsel was ineffective and all of his claims based on counsel's performance are rejected.

### B.  Sentencing Claims

The Magistrate Judge correctly rejected the majority of Eames' claims regarding his sentencing.  The Court agrees with the Magistrate Judge that sentencing enhancements may still be found by a judge using the preponderance of the evidence standard.  See United States v. Kilby, 443 F.3d 1135, 1140 (9th Cir. 2006) ("[D]istrict courts should resolve factual disputes at sentencing by applying the preponderance of the evidence standard.").  Also, the preponderance of the evidence standard does not violate due process.  See United States v. Watts, 519 U.S. 148 (1997).  Eames did not provide any specific objections to the leader/organizer enhancement nor to the vulnerable victim enhancement.  But having reviewed the record and the Magistrate Judge's conclusions on those issues, the Court agrees that the enhancements were proper.  Finally, Eames cannot challenge the amount of restitution in this proceeding.  See United States v. Kramer, 195 F.3d 1129 (9th Cir. 1999) (habeas is not proper forum to challenge restitution order).  But having reviewed the record, the amount of restitution ordered was appropriate.

The only issue remaining is the Magistrate Judge's recommendation, together with the suggestion by the government, that the Court afford Eames the process contemplated by United States v. Ameline, 409 F.3d 1073 (9th Cir. 2005). The Court does not believe that Eames is actually entitled to this procedure. See United States v. Cruz, 423 F.3d 1119, 1119 (9th Cir. 2005) (holding "*Booker* does not apply retroactively to convictions that became final prior to its publication"). In the interests of justice, however, the Court will set forth its conclusion that Eames' sentences would not have been materially different if Eames had been sentenced under the current sentencing regime.

Upon a remand pursuant to Ameline, a Court must determine if it "would have imposed a materially different sentence at the time of sentencing had it known that the Guidelines were advisory rather than mandatory." Id. at 1083. When answering this question, "the 'views of counsel, at least in writing,'" should be obtained. Id. at 1085 (quoting United States v. Crosby, 397 F.3d 103, 120 (2d Cir. 2005)). If a Court "determines that the sentence imposed would not have differed materially had [s]he been aware that the Guidelines were advisory, the [Court] should place on the record a decision not to resentence, with an appropriate explanation." Id. Eames submitted a memorandum addressing the resentencing issue. (Doc. 1337) The majority of that document is directed to sentencing enhancements that Eames believe were inappropriately applied. As pointed out earlier, a judge may still resolve factual disputes at sentencing based on a preponderance of the evidence. Kilby, 443 F.3d at 1140. Also, the "sentencing enhancements" that Eames cites did not increase his sentence beyond the statutory maximum, meaning no constitutional violation occurred. The appropriate issue, which Eames only vaguely addresses, is whether the sentences would have been different had the Court known that the Guidelines were merely advisory. After reviewing the record, the sentences would not have been different and Eames is not entitled to resentencing.[1]

---

[1] Eames is confused regarding the Ameline procedure. Ameline does not direct courts to engage in resentencing, rather it directs courts to determine the threshold issue of

When determining an appropriate sentence, a court should "impose a sentence sufficient, but not greater than necessary," to accomplish the purposes set forth in 18 U.S.C. § 3553.  The Court evaluates those purposes separately.

First, the court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant."  18 U.S.C. § 3553(a)(1).  Eames was involved in a massive interstate telemarketing fraud operation and Eames was the co-owner of the operation and manager of the Phoenix office.  As such, he was the organizer or leader of much of the criminal activity.  The operation tended to prey on elderly victims and many victims were financially devastated. Eames and his co-defendants obtained over $10 million from their activities.  Based on evidence produced at trial, Eames was convicted of over forty counts of conspiracy, mail fraud, wire fraud, conspiracy to commit money laundering, and money laundering.  Eames was previously convicted of multiple counts of wire fraud in Colorado.   Based on these facts, a very substantial term of imprisonment was appropriate.

Second, the court must consider

> the need for the sentence imposed
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a)(2).  As previously mentioned, Eames was the leader or organizer of a massive fraud operation. The large amount of money involved reflects the seriousness of the offense.  Also, Eames had previously been convicted of similar crimes and his convictions in this case show that his prior convictions provided insufficient deterrence.  The public

---

whether resentencing is necessary. 409 F.3d at 1085 (directing courts to place on the record reasons "not to resentence" when appropriate).

1    needs protection from Eames' repeated pattern of engaging in fraudulent activity. All of
2    these factors support a very lengthy prison term.

3    Third, the Court must consider "the kinds of sentences available." 18 U.S.C.
4    § 3553(a)(3). Eames committed crimes that carry very serious penalties. For example, a
5    single count of conspiracy carries a maximum sentence of five years and a single count of
6    money laundering allows for a $500,000 dollar fine and a *twenty year* prison sentence. 18
7    U.S.C. §§ 371, 1956(a)(2), (3). Based on the types of sentences specifically allowed by the
8    relevant statutes, and the number of violations of each of those statutes Eames was convicted
9    of, a very lengthy prison sentence was appropriate.

10   Fourth, the sentence should provide Eames with needed education and vocational
11   training. 18 U.S.C. § 3553(a)(2)(D). Programs operated by the Bureau of Prisons and
12   available to Eames address these considerations.

13   Finally, the Court must consider the Guideline range. 18 U.S.C. § 3553(a)(4). As set
14   forth in the presentencing report, the Guideline range for Eames' convictions was 324 months
15   to 405 months. Eames was eventually sentenced to 365 months. This sentence was well
16   within the Guideline range.

17   Having considered these factors, the Court concludes that the sentence it would have
18   imposed had it known the Guidelines were merely advisory would not have differed
19   materially form the sentence actually imposed. Eames is not entitled to resentencing.

**C. Motion for Return of Property**

Eames believes that the government has failed to return specific property owned by
the Defendant as required by a prior order of this Court. (Doc. 1277) The government
asserts that certain property Eames claims is missing was never seized by the government and
other property has been validly forfeited. The Court agrees with the government regarding
most of the property Eames seeks but additional briefing will be required regarding certain
property.

Pursuant to Federal Rule of Criminal Procedure 41(g), "a person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." As recently noted by the Ninth Circuit, "[p]roperty seized for the purposes of a trial that is neither contraband nor subject to forfeiture should ordinarily be returned to the defendant once trial has concluded." United States v. Kaczynski, 416 F.3d 971, 974 (9th Cir. 2005). The presumption is that a defendant has "a right to the return of his property once the property is no longer needed as evidence." Id. The burden is on the government to show "that it has a 'legitimate reason to retain the property.'" Id. This case presents the unique situation of Eames seeking the return of various items and the government denying that it has, or ever had, possession of most of those items. Other items Eames seeks were allegedly subject to the forfeiture order. The Court concludes that the vast majority of property is either not in the government's possession or was subject to the valid forfeiture order.

Eames believes that real property on Happy Valley Road in Scottsdale, Arizona was seized by the government. The government claims that it never seized the property and it submitted documentation in support of this. The Court finds that the real property was not seized and is not in the government's possession. Eames is not entitled to relief on this issue.

Next, Eames believes that the government seized a large number of his motor vehicles. In support, Eames cites to evidence that the government seized various titles belonging to those vehicles. Eames provides no evidence that the actual vehicles were seized and the government denies that any vehicles were seized. Eames is not entitled to relief on this issue.

Eames believes that various coins and computers that were seized were not subject to the forfeiture order and must be returned. The government provided evidence regarding the actual amount of coins and computers seized and forfeited. The forfeiture order covered the bulk of these items but the government admits that it is still attempting to locate certain trial exhibits. Given the amount of time that has passed since the end of trial, the government must immediately determine if it retains possession of any property that should be returned

- 11 -

to Eames. The Court will direct the government to address this issue, but the vast majority of coins and computers were validly forfeited and Eames' claims are rejected because the government has met its burden.

The government also provided sufficient evidence that no safe was seized and that it has turned over one of the Mercedes car tops, the roulette wheel, and the CCTV. Eames is not entitled to relief regarding these items. The government states, however, that it gave one of the car tops to "Adam Grant." Eames claims that he does not know who this individual is. The government will be directed to address the identify of "Adam Grant."

The government has provided sufficient evidence that it never took possession of certain items and that other items were validly forfeited. Certain items listed in Eames' motion are not mentioned by the government in its response. Thus, the Court is unable to evaluate the validity of Eames' claims regarding those items. The government will be directed to address whether it retains any trial exhibits, the identity of Adam Grant, and the property mentioned by Eames in his motion that was not addressed by the government.[2] In all other respects, Eames' motion regarding the return of his property will be rejected.

Accordingly,

**IT IS ORDERED** the Magistrate Judge's Report and Recommendation (Doc. 1331) is **ADOPTED** as set forth above. Eames' Motions to Vacate, Set Aside, or Correct Sentence (Doc. 1310, 1311) are **DENIED** and case number CV-03-1057 is **DISMISSED**.

**IT IS FURTHER ORDERED** after considering the relevant sentencing factors, Eames' sentence would not have been materially different had the Guidelines been advisory rather than mandatory at the time of his sentencing.

**IT IS FURTHER ORDERED** Eames' Motion for Alternative Enforcement of the Order Granting Defendant's Rule 41(e) Motion (Doc. 1277) is **DENIED IN PART**.

---

[2] For example, Eames listed a variety of watches, a leather jacket, and certain sports memorabilia as still missing. The government did not address these items.

1 **IT IS FURTHER ORDERED** the government shall submit a brief no longer than five pages regarding missing trial exhibits, the identity of Adam Grant, and property listed by Eames not addressed in prior briefing. The government's brief is due October 2, 2006. Eames may submit a response no longer than 5 pages addressing only the issues set forth by the government by October 10, 2006. The government may submit a reply no longer than 5 pages by October 17, 2006. The Court will disregard a brief filed by either party that exceeds 5 pages.

**IT IS FURTHER ORDERED** the remaining motions (Doc. 1176, 1305, 1309, 1315, 1318, 1338) are **DENIED AS MOOT**.

DATED this 18th day of September, 2006.

_____
Roslyn O. Silver
United States District Judge